UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ASHLEY W.,

                Plaintiff,           **DECISION AND ORDER**

    v.

                                   1:23-CV-00607-EAW

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

## BACKGROUND

Plaintiff Ashley W. ("Plaintiff") brought this action on behalf of her minor child J.H., pursuant to Title XVI of the Social Security Act (the "Act") seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying the child's application for supplemental security income benefits ("SSI"). (Dkt. 1).

On November 9, 2023, Plaintiff filed her motion for judgment on the pleadings. (Dkt. 8). On January 10, 2024, the Court approved the parties' stipulation to remand the matter for further proceedings. (Dkt. 13). The Clerk of Court issued judgment the same day. (Dkt. 14).

On February 14, 2024, Plaintiff's counsel informed the Court of Plaintiff's death by filing a Suggestion of Death. (Dkt. 17). On May 13, 2024, she filed a motion to substitute requesting that this Court issue an order substituting James B., Jr., the child's stepfather, for Plaintiff. (Dkt. 18). On August 5, 2024, plaintiff's counsel filed a motion to stay the proceedings based on a change in circumstances and to amend Plaintiff's motion to substitute. (Dkt. 24). On August 7, 2024, the Court granted Plaintiff's motion. (Dkt. 25).

On August 30, 2024, Plaintiff's counsel filed an amended motion to substitute requesting that the child's grandmother Cherie L., be substituted for Plaintiff. (Dkt. 26). The Commissioner responded on September 12, 2024. (Dkt. 27).

## DISCUSSION

### I. Plaintiff's Motion for Substitution

Rule 25(a)(1) of the Federal Rules of Civil Procedure permits substitution of a party for a deceased party if: (1) the claim of a deceased party survives that party's death; (2) the individual seeking to be substituted is a "proper party"; and (3) the motion for substitution is made within "90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a).

1) Survival of Claims

The SSI claim was filed by Plaintiff on behalf of her minor child J.H. (Dkt. 1). Therefore, it survives Plaintiff's death.

2) Timeliness of Motion

As to the timeliness of Plaintiff's motion, the Federal Rules of Civil Procedure provide that the motion for substitution may be made within 90 days of "service of a statement noting the death." Fed. R. Civ. P. 25(a)(1). "[C]ourts have construed a motion for substitution to be a notice of death when a party's death is first mentioned in the substitution motion." *Worrell v. Colvin*, No. 1:12-CV-3386(ENV), 2013 WL 3364373, at *1 (E.D.N.Y. July 3, 2013) (citations omitted).

Here, Plaintiff filed a Suggestion of Death on February 14, 2024. (Dkt. 17). Plaintiff's counsel timely filed her motion on May 13, 2024, requesting that this Court issue an order substituting James B., Jr., the child's stepfather, for Plaintiff.

On August 5, 2024, upon learning that the child's stepfather was not available to serve as a substitute due to his incarceration, Plaintiff's counsel filed a motion to stay the matter to amend Plaintiff's original application. (Dkt. 24). The Court granted Plaintiff's motion and set August 30, 2024, as the deadline for Plaintiff to file Plaintiff's amended motion to substitute. (Dkt. 25). Plaintiff's counsel filed Plaintiff's amended motion on August 30, 2024. (Dkt. 26). Accordingly, Plaintiff's application is timely.

3) <u>Proper Party for Substitution</u>

Rule 17(c)(1) of the Federal Rules of Civil Procedure permits a general guardian to sue or defend an action on behalf of a minor child or an incompetent person. Fed. R. Civ. P. 17(c)(1)(a). The SSA's Program Operations Manual System (POMS) also indicates that a parent or an adult responsible for the child's care is a proper applicant for the child claimant. *See* POMS GN 00204.003(B)(2)(a). When a determination regarding the child's proper legal representative has been made, "the Court is obligated to abide by the State's determination of who shall represent the [infant]." *Wolfe by Hedges v. Bias*, 601 F. Supp. 426, 427 (S.D.W. Va. 1984). Rule 1201 of the New York Civil Practice Law and Rules provides that "[u]nless the court appoints a guardian *ad litem*, an infant shall appear by the guardian of his property or, if there is no such guardian, by a parent having legal custody, or, if there is no such parent, by another person or agency having legal custody . . . ." N.Y. C.P.L.R. 1201.

Here, Plaintiff counsel requests that Cherie L., the child's grandmother, be substituted for Plaintiff. (Dkt. 26 at 3). Cherie L. indicates that following her daughter's passing, she, along with James B., the child's stepfather, commenced a custody proceeding in Erie County Family Court. (Dkt. 26-3 at ¶ 7). James B. has since been incarcerated, and, as such, was unable to care for the child. (Dkt. 26-3 at ¶ 8). On June 10, 2024, Cherie L. was granted custody of the child by the Order of the Hon. Sharon M. Lovallo, Erie County Family Court Judge. (Dkt. 26-4). Accordingly, the Court is satisfied that Cherie L. has demonstrated that she is a proper party to be substituted for Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff's amended motion for substitution (Dkt. 26) is granted and Plaintiff's initial motion for substitution (Dkt. 18) is denied as moot. The Clerk of Court is hereby directed to amend the caption to substitute Cherie L., for Plaintiff.

SO ORDERED.

                                                                                   _____
                                                                                 ELIZABETH A. WOLFORD
                                                                                 Chief Judge
                                                                                 United States District Court

Dated:       April 25, 2025
                Rochester, New York